No. 25-1852

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

DOVID AKIVA SHENKMAN,[1]

 Defendant-Appellant.

---

On appeal from the United States District Court
for the Eastern District of Michigan
Case No. 2:24-cr-20668

---

## <u>DEFENDANT-APPELLANT'S REPLY BRIEF</u>

By: Law Office of Matthew S. Kolodziejski, PLLC
 Matthew S. Kolodziejski
 Attorney for Defendant-Appellant
 200 E. Big Beaver Road
 Troy, MI 48083
 (313) 736-5060

---

[1] Mr. Shenkman's legal name is Akiva Dovid Shenkman. However, in the district court he was incorrectly identified as Dovid Akiva Shenkman.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………… i

ARGUMENT

    I.    Mr. Shenkman has shown error that resulted in a procedurally and substantively unreasonable sentence

        A. Standard of review……………………………………………1

        B. Failure to consider mitigation arguments………………………. 1

        C. Impermissible factors and speculative information……………..4

        D. Inaccurate criminal history information………………………... 5

        E. Application of the § 3553(a) factors…………………………….6

        F. Special conditions of supervised release…………………....... 7

CONCLUSION………………………………………………………….8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Rita v. United States*, 551 U.S. 338, 356 (2007)……………………………….... 2

*United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017)…………………..6

*United States v. Carter*, 463 F.3d 526, 528-29 (6th Cir. 2006)………………7

*United States v. Doyle*, 711 F.3d 729, 733 (6th Cir. 2013)…………………...7

*United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)…………………….2

*United States v. Herrera–Zuniga*, 571 F.3d 568, 579-80 (6th Cir. 2009)…….1

*United States v. Inman*, 666 F.3d 1001, 1005 (6th Cir. 2012)……………….. 7

*United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013)……………………1, 6

*United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006)…………….. 3

*United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009)……………….. 2

*United States v. Vonner,* 516 F.3d 382, 391-92 (6th Cir. 2008)……………... 1

## <u>ARGUMENT</u>

I. **MR. SHENKMAN HAS SHOWN ERROR THAT RESULTED IN A PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE SENTENCE**

### A. Standard of Review

Mr. Shenkman's substantive reasonableness arguments are reviewed under an abuse of discretion standard. *United States v. Vonner,* 516 F.3d 382, 391-92 (6th Cir. 2008). His remaining arguments should likewise be reviewed under an abuse of discretion standard, where the issues were fairly raised at sentencing and encompass both substantive and procedural reasonableness. *United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013); see also *United States v. Herrera–Zuniga*, 571 F.3d 568, 579-80 (6th Cir. 2009). Here, as in *Jeter*, some of Mr. Shenkman's arguments regarding substantive and procedural reasonableness overlap and concern whether the district court properly considered the 18 U.S.C § 3553(a) factors. However, even under the plain error standard Mr. Shenkman has established that he is entitled to resentencing.

### B. Failure to Consider Mitigation Arguments

The government is incorrect in stating that the district court addressed all of Mr. Shenkman's individual arguments in favor of a downward variance, as the record simply does not support its conclusion. Nor is the district court's broad statement that it generally considered a defendant's history and characteristics

1

sufficient to show that it considered all of the specific issues that were raised in support of mitigation. Nowhere in Mr. Shenkman's sentencing transcript does the district court directly analyze the three disputed issues that were raised by the defense, namely that:

· Mr. Shenkman was raised in a dysfunctional household, lacked the steady presence of his father, and was exposed to domestic violence;

· Mr. Shenkman suffered from neurodevelopmental disorder with cognitive and communicative deficits, consistent with trauma-related psychological distress;

· Mr. Shenkman's early development which "was marred by trauma, detachment, and difficulties with intimacy."

[Sentencing Memorandum, R. 38, at PageID 301, 305-306, 316-317].

A district court's consideration of the defendant's arguments at sentencing is procedurally reasonable only where the record reflects that the court adequately considered the arguments and exercised its decision-making authority in a reasoned manner. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). "[A]s a procedural matter, the district judge must generally speak to arguments that are clearly presented and in dispute." Id. (citing *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)).

2

Further, if the court rejects an argument in favor of a downward variance, it must explain on the record why it did so. *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

Here, Mr. Shenkman's arguments were clearly presented and non-frivolous in nature. Based upon the relevant case law that was cited in Mr. Shenkman's opening brief, these issues had the clear potential to result in a downward variance and lower sentence if properly considered at sentencing. The district court, therefore, had a duty to address them on the record, but did not do so.

The government attempts to argue that the district court adequately considered these specific mitigation arguments, because at sentencing it questioned defense counsel about a completely separate issue regarding the potential sexual abuse of Mr. Shenkman as a child. Government Response Brief, R. 21, at PageID 26-27. However, the fact that the district court considered one mitigation argument does not logically lead to the conclusion that it considered another. Additionally, the district court's generalized statement at sentencing that it considered Mr. Shenkman's personal history and characteristics,[2] without more, should not satisfy an appellate court that these specific arguments were considered and that procedural requirements were followed.

---

[2] [Sentencing Transcript, R. 47 PageID 611-612]

### C. Impermissible Factors and Speculative Information

The government appears to concede that the district court reviewed and considered encrypted chats that were not part of the record, and which, therefore, cannot now be identified and reviewed by any appellate court. The government's proffered justification that these chats were "too graphic for the public record" is simply not an adequate reason for failing to identify all of the material that was being considered by the district court when imposing sentence. See, Government Response Brief, R. 21, at PageID 19. Extremely graphic evidence is commonly discussed and included as part of the record in nearly every CSAM case.

In fact, the district court itself was acutely aware of the potential problem in not identifying this evidence as part of the record, which is why it specifically instructed the government to file a supplemental sentencing memorandum that identified the chats in questions. [Sentencing Transcript, R. 47, at PageID 586-587]. The government failed to do so, which now prevents effective review by this or any other appellate court.

The government's attempt to re-direct the Court's attention away from this reality in its brief, by instead discussing other chats that were part of the district court record, is unavailing and should be seen for what it is. Further, the government's conclusions that these chats "were more of the same graphic conversations already on the record" and that "the record does not show that the

4

court gave them any weight" are wholly unsupported. See, Government Response Brief, R. 21, at PageID 21. On the contrary, when describing the nature of the offense and Mr. Shenkman's personal history and characteristics, the district court focused heavily on the chats, and described the act of allegedly getting others "revved up" as "a very serious matter." [Sentencing Transcript, R. 47, PageID 595-596].

It is clear that the district court impermissibly relied upon these chats, which were proffered by the government but never made part of the record, when imposing a sentence that was significantly higher than requested by the defense.

### D. Inaccurate Criminal History Information

The government is incorrect in stating that the inclusion of a 2017 arrest in Mr. Shenkman's PSR was accurate. It was not. While it appears that there may have been a federal investigation around that time, which purportedly identified Mr. Shenkman as a possible suspect in illegal CSAM activity, the record is devoid of any factual support that he was previously arrested or that he committed any prior offense.

However, the inclusion of this wrongful arrest history unfairly gave rise to the suggestion that probable cause in fact existed to believe that Mr. Shenkman committed a prior 2017 CSAM offense. This was a significant error, particularly where the defense relied heavily on the argument that Mr. Shenkman had no prior

5

criminal history when arguing for a downward variance and a 60 month mandatory minimum sentence. The fact that this information did not impact Mr. Shenkman's criminal history category or guideline range should not be controlling. Mr. Shenkman had a due process right to be sentenced based upon accurate and reliable information. *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017).

### E. Application of the § 3553(a) factors

Mr. Shenkman relies upon the facts and arguments that were presented in his opening brief. He further notes that his argument regarding the application of the § 3553(a) factors dovetails with several of the other issues that he has raised on appeal, specifically, 1) the failure of the district court to consider all mitigation arguments, 2) consideration of impermissible factors (i.e. online chats), and 3) consideration of inaccurate information regarding the prior arrest history.

To the extent that this Court agrees that the district court committed error with respect to improperly considering (or not considering) any one of those issues, then Mr. Shenkman contends that the district court could not have properly considered and balanced all the relevant § 3553(a) factors. This is the juncture where Mr. Shenkman's arguments regarding substantive and procedural reasonableness issues overlap, and the question arises of whether the district court could have properly considered the § 3553(a) factors given the existence of procedural errors. *Jeter*, 721 F.3d at 756 (6th Cir. 2013).

6

### F. Special Conditions of Supervised Release

This Court must review special conditions of supervised release that implicate familial association for both procedural and substantive reasonableness. *United States v. Carter*, 463 F.3d 526, 528-29 (6th Cir. 2006). The government concedes that the district court did not articulate any basis whatsoever for imposing the two challenged special conditions of supervised release that clearly interfere with Mr. Shenkman's fundamental rights to familial association and to raise his children. Government Response Brief, R. 21, at PageID 35.

The government instead argues on appeal that this Court should infer the district court's basis for imposing these special conditions, but provides no legal authority to support that argument. The government then proceeds to claim that in its own subjective view of the sentencing transcript, the district court probably imposed these conditions based upon Mr. Shenkman's personal history and characteristics. The government could, of course, make that argument in support of the district court re-imposing the challenged conditions at a re-sentencing hearing. But it is axiomatic that it is the obligation of the district court to impose and explain its chosen sentence in the first instance.

Under the standard stated in *United States v. Doyle*, 711 F.3d 729, 733 (6th Cir. 2013), and *United States v. Inman*, 666 F.3d 1001, 1005 (6th Cir. 2012), the

7

failure to provide any basis for imposing these special conditions of supervised release constitutes clear reversable error requiring re-sentencing.

## CONCLUSION

WHEREFORE the Defendant-Appellant, Akiva Shenkman, respectfully asks this Honorable Court to vacate his sentence and remand the case to the district court for resentencing.

Respectfully submitted,

/s/Matthew S. Kolodziejski
Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski (P71068)
Attorney for Defendant-Appellant
200 E. Big Beaver Road
Troy, MI 48083
Dated: May 4, 2026         (313) 736-5060

8

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,593 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

<div style="margin-left: 40%;">

Respectfully submitted,


/s/Matthew S. Kolodziejski
Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski
Attorney for Defendant-Appellant
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060

</div>

Dated: May 4, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 4, 2026, I filed the foregoing document with the Clerk of the Court using the ECF System, which will send electronic notification to all counsel of record.

<u>/s/Matthew S. Kolodziejski</u>